**06-5614-cv**
**Duran v. Beaumont**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: March 4, 2008                                    Decided: October 6, 2010)

Docket No. 06-5614-cv

HUGO ALEJANDRO VILLEGAS DURAN,

*Petitioner-Appellant*,

–v.–

JOHANA IVETTE ARRIBADA BEAUMONT,

*Respondent-Appellee.*

Before:

WINTER and WESLEY, *Circuit Judges*, and COGAN, *District Judge.*[*]

This case is before us on remand from the Supreme Court, which granted certiorari, vacated our prior decision that affirmed the district court, and remanded the case to us for reconsideration in light of the Supreme Court's decision in Abbott v. Abbott, --- U.S.---, 130 S. Ct. 1983 (2010). Duran v. Beaumont, 130 S. Ct. 3318 (2010). We remand the case to the district court for it to consider, in the first instance, whether any of the Hague Convention exceptions apply.

TURNER P. SMITH, Curtis, Mallet-Prevost, Colt & Mosle LLP, *for Appellant*,

ROBERT D. ARENSTEIN, New York, N.Y., *for Appellee.*

---

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

PER CURIAM:

Appellant, Hugo Alejandro Villegas Duran, sought an order compelling Appellee, Johana Ivette Arribada Beaumont, to return their daughter, Valentina Almendra Villegas Arribada, to Chile under the Hague Convention. He contended that Appellee's violation of Chilean law – removing their daughter to the United States and keeping her there past the three months authorized by a Chilean court – constituted a "wrongful" removal, as defined by the Hague Convention. The district court agreed that Appellee violated a Chilean court's order, but held that it could not order her return because Appellant was neither granted nor exercised custodial rights.

We affirmed, agreeing with the district court that Appellant's bundle of rights did not amount to rights of custody within the meaning of the Hague Convention. While Chile was the habitual place of the child's residence, and Appellant had a statutory *ne exeat* right – the right to determine whether the child can leave the country – Appellant failed to establish the custody requirement by a preponderance of the evidence. At that time, Croll v. Croll, 229 F.3d 133 (2d Cir. 2000), which stood for the proposition that a *ne exeat* right is not a right of custody under the Hague Convention, was good law.

Most recently, the Supreme Court decided Abbott v. Abbott, --- U.S.---, 130 S. Ct. 1983 (2010). In Abbott, the Court overturned a decision by the Fifth Circuit, which held that a mother's violation of a *ne exeat* right did not constitute a breach of the father's rights of custody as defined by the Hague Convention. By overturning the Fifth Circuit, the Court abrogated our decision in Croll. That a *ne exeat* right does not fit within traditional notions of physical custody, the Court found, was beside the point; it still falls within the "rights of custody" as defined by the Convention. As the Court noted, however, even if a petitioner shows that the

child was habitually resident in a state from which the abducting parent removed her, and the removal was in violation of the petitioner's custody rights – such as a *ne exeat* right – that he was exercising at the time of the removal, a return order is not automatic. This is so because the abducting parent can establish that a Hague Convention exception applies.

The Supreme Court has subsequently vacated our prior decision in the instant case and remanded it to us for reconsideration in light of Abbott. Duran v. Beaumont, 130 S. Ct. 3318 (2010). We find that a remand is appropriate solely to address Part IV of Abbott – i.e., to determine whether any of the Hague Convention's exceptions apply. The district court does not need to address the three elements required for removal; it has already properly found that the child's habitual residence was Chile, see Duran v. Beaumont, 534 F.3d 142, 147 (2d Cir. 2008), Abbott has concluded that the very same *ne exeat* right that Appellant had is a right of custody under the Hague Convention, and under Abbott, he exercised that right when he refused consent, see Duran, 534 F.3d at 145.

Therefore, we remand the matter for further proceedings in the district court consistent with this decision.